IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
WELLS FARGO BANK, N.A.,        *
                               *
        Plaintiff,             *
                               *
   v.                          *     CV 117-149
                               *
ASHLEY N. JERNIGAN,            *
                               *
        Defendant.             *
```

O R D E R

Plaintiff Wells Fargo Bank, N.A., filed this case to recover money loaned to Southern Tots, LLC, from the loan's guarantor, Defendant Ashley N. Jernigan. (Pl.'s Compl., Doc. 1, ¶ 8.) The parties now move for the Court to enter a consent order. (Doc. 19.)

Before the Court may enter a consent order, it must ensure that the settlement is "fair, adequate and reasonable." U.S. v. City of Miami, 664 F.2d 435, 441 (11th Cir. 1981); League of United Latin Am. Citizens, Council No. 4434 v. Clements, 999 F.2d 831, 845 (5th Cir. 1993) ("The entry of a consent decree is more than a matter of agreement among litigants. It is a judicial act." (internal quotation omitted)). A court should approve a settlement so long as it is not unconstitutional, unlawful, unreasonable, or against public policy. Stovall v. City of Cocoa, 117 F.3d 1238, 1242 (11th Cir. 1997).

The terms of the Consent Order provide that the Court will stay these proceedings until June 16, 2018. (Proposed Consent Order, Doc. 19, at 3.) At that time, the parties may stipulate to an additional ninety-day extension without further order of the Court. (Id.) The Court is weary about the prospect of giving the parties total control over the Court's docket. Instead, the Court will grant the parties a stay of 150 days, terminable upon motion of any party. The parties shall file a joint status report ninety days after the stay is entered. Additionally, the parties will not be subject to the deadlines in the Scheduling Order while the stay is in effect.

Modifying this provision will not substantially change the Consent Order the parties agreed upon. The Consent Order provides that after June 16, 2018, if the parties do not agree to extend the stay, Plaintiff may move the Court to enter judgment against Defendant for the damages Plaintiff alleged in its complaint. (Id. at 6.) Plaintiff will still be allowed to make this motion after June 16, 2018, by moving for the Court to lift the stay and enter judgment against Defendant.

Upon due consideration, the parties' Stipulation and Request for Entry of Consent Order (doc. 19) is **GRANTED**. **IT IS HEREBY ORDERED** that all proceedings in this matter are hereby **STAYED** for one hundred fifty days. Any deadlines falling within the duration of this stay are hereby tolled during the pendency

of the stay. Either party may apply to this Court - in writing and for cause - to lift the stay imposed hereby.

**ORDER ENTERED** at Augusta, Georgia this 25th day of April, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA